No. 26,500.

LIZZIE T. GAFFORD and JOSEPHINE NORTON, Partners, doing business as WILLIS NORTON & Co., *Plaintiffs,* v. S. H. HAYNES, as County Assessor of Shawnee County, and THE PUBLIC SERVICE COMMISSION, *Defendants.*

### OPINION ON REHEARING.

Original proceedings in mandamus. Opinion on rehearing filed October 1, 1925. Former judgment adhered to. (For original opinion sustaining motions to quash alternative writs, see 119 Kan. 1, 237 Pac. 918.)

*Edwin A. Austin,* of Topeka, for the plaintiffs.

*M. J. Healy, John M. Kinkel* and *Henry V. Gott,* all of Topeka, for the defendants.

The opinion of the court was delivered by

MASON, J.: Upon rehearing the plaintiffs argue that the statute involved violates the fourteenth amendment to the federal constitution if it is construed as requiring manufacturers and merchants to pay taxes upon the average value for a year of all the personal property appertaining to their business, including money, notes and other credits, upon which taxpayers in general pay nothing but the registration fee of 25 cents on each $100 of value. In the original decision we said the statute so construed "does not involve an arbitrary or unreasonable classification." If that view is correct the

fourteenth amendment is not violated. We regard the federal question as controlled by the following and similar expressions of the supreme court of the United States:

"Indeed, this whole argument of a right under the federal constitution to challenge a tax law on the ground of inequality in the burdens resulting from the operation of the law is put at rest by the decision in *Bell's Gap Railroad v. Pennsylvania*, 134 U. S. 232, 237, in which case Mr. Justice Bradley, speaking for the court, said:

" 'The provision in the fourteenth amendment, that no state shall deny to any person within its jurisdiction the equal protection of the laws, was not intended to prevent a state from adjusting its system of taxation in all proper and reasonable ways. . . . We think that we are safe in saying that the fourteenth amendment was not intended to compel the state to adopt an iron rule of equal taxation. If that were its proper construction, it would not only supersede all those constitutional provisions and laws of some of the states, whose object is to secure equality of taxation, and which are usually accompanied with qualifications deemed material; but it would render nugatory those discriminations which the best interests of society require.' " (*Merchants' Bank v. Pennsylvania*, 167 U. S. 461, 464.)

The alternative writ, amended so as to invoke the protection of the fourteenth amendment, is held not to state facts sufficient to entitle the plaintiffs to relief, and the defendants' motion to quash it is sustained, final judgment being rendered against the plaintiffs for costs.